## SUPREME COURT.

EZRA R. HALL, respondent agt. JOHN S. SAMSON, appellant.

A mortgagor of a chattel mortgage before due, has an interest in the property mortged, that is subject to seizure by *attachment,* and sale upon execution under it, whether such interest is the subject of a levy by execution or not.

The mortgagee of such property not having possession, and not having demanded possession under the mortgage, cannot complain of a conversion by the sheriff in selling under the attachment proceedings,

*General Term, Sixth District.*

THIS case was decided at general term in the fifth district, (19 *How.*, 481,) and re-tried before the same referee, who again decided it in favor of the plaintiff, and an appeal was again taken, which was heard at general term in the sixth district, and the judgment again reversed.

The facts upon which this question arose were as follows : In May, 1858, one Walpole mortgaged the piano in question to plaintiff, due in one year. In June, 1858, Jaycox & Green procured an attachment in the supreme court against Walpole, and the defendant, sheriff, levied it upon said piano. The plaintiff knew of the levy, but never demanded it. The said sheriff, defendant, sold it on execution issued in the same case, in October, 1858, in this manner : " I offer for sale all the right, title and interest of Walpole, in and to this piano." The action was commenced against him in December, 1858. The facts appear more fully in 19th *Howard*, 481.

As to the particular clauses of the mortgage, it was claimed by appellant's attorneys, in addition to the points decided on the first appeal, that the mortgagor had an equity of redemption which was liable to levy by attachment and to sale on execution.

HUNT, GREEN & FRYER, *for appellant, made the following points :*

1. Even if Walpole had no legal interest in the piano, he had (within all the cases) an equitable interest, and this could be held by attachment, so that the sheriff can defend himself under the attachment, and his possession of the piano having been lawfully obtained, no action will lie against him, no demand having been made of him and no claim to it having been made under the danger clause in the mortgage, although the plaintiff knew the sheriff had attached it. (*Howard's Code*, §§ 232, 234.)

In the case of *Mattison* agt. *Baucus*, (1 *Comst.*, 297,) it is held that a right of redemption is a chose in action, and the Code, (§ 231,) requires the sheriff to attach and keep all the property of the defendant, and section 234 provides that shares in a corporation and *all other property* of defendant in this state shall be liable to be attached and levied upon and *sold to satisfy* the judgment and *execution.*

2. The definition of the word property (§§ 463, 464 *Code*) shows that a right in action is property, and therefore liable to levy by attachment, and as we have seen above, liable to. be sold on execution in the same case, and the reason why such property cannot be sold merely on execution without a previous attachment is on account of section 291, Code. (*Code Reports, new series, vol.* 1, 98.)

W. WILLOUGHBY, *for respondent.*

PARKER, Justice. This cause has once been up to the general term in the fifth district, upon appeal, and sent back for a new trial, on the ground that by the terms of the mortgage, as construed by the court, the mortgagor had the right of possession of the piano—the mortgaged chattel in question—as against the mortgagee, at the time of the sale thereof by the defendant, under the execution against the mortgagor, and consequently that the plaintiff, the mortgagee, could not maintain the action. Although the case and exceptions on which it then went up are not before us, yet from an examination of the opinion of the court, written by Mr. Justice ALLEN, (19 *How*,, 481,) and the dissenting opinion of Mr. Justice PRATT, a copy of which has been furnished me, I find that the questions now presented were then discussed and decided. It must have appeared then, that the mortgagee had taken possession of the residue of the mortgaged property under the " danger clause" in the mortgage—for Justice PRATT makes that the ground of his dissent from the decision of the court. He

says : " The mortgagee and plaintiff in this action deeming
himself unsafe, took possession of all the mortgaged pro-
perty which had been allowed to remain in the actual pos-
session of the mortgagor. The piano remaining in the pos-
session of Jones, the lessee, it was not taken into the actual
possession of the plaintiff. But the circumstances having
happened under which he was entitled, by the mortgage,
to terminate the moragagor's right of possession, and hav-
ing exercised his right under the mortgage and taken pos-
session, so far as the property left in the actual possession
of the mortgagor was concerned, it seems to me it should
be deemed as terminating the mortgagor's entire right of
possession to any part of the property." The position thus
taken is now insisted upon by the respondent's counsel ;
but it seems to me that it is a conclusive answer to say,
that the *decision* of the court was adverse to that position,
and *that decision* is the law of the case. But on a ground
entirely distinct from the one upon which that decision is
placed, it seems to me that the action must fail.

Admitting the law to be, that the mortgagor of goods
has, even before the money secured becomes due, no pro-
perty in them subject to levy and sale *on execution*, unless
he reserves a right to the possession of them for a definite
time ; and admitting that in this case the mortgagor, at
the time of the sale under the execution, had no such right
of possession ; still the right of the sheriff, the defendant
in this case, does not depend upon the property being *so*
subject. He took the property by virtue of an *attachment*,
and whether the mortgagor had an interest in it which was
subject to a levy by *execution*, or not, there can be no
doubt, I think, as the money secured by the mortgage was
not then due, that he had an interest which was subject to
seizure under attachment. By section 234 of the Code, it
is declared, after enumerating certain kinds of property,
that " all other property in this state, of such defendant,
shall be liable to be attached and levied upon, and sold to

satisfy the judgment and execution." The mortgagor had at least an equity of redemption in the chattel, which was a *property* in it, subject to levy by virtue of the attachment. It was under the attachment that the sheriff took the piano ; and this was done long prior to the time when the plaintiff took possession of the rest of the property mortgaged, under the " danger clause" of the mortgage. The mode of levy was sufficient, I think, to authorize the sale of the mortgagor's interest, if it was not in fact the proper and authorized mode of levy for that purpose. It is true the defendant did not specify in his return, upon the attachment, nor was it specified in the inventory, that the equity of redemption in the piano was attached. If in any case where the chattel, in which the mortgagor's interest exists, is capable of manual delivery, that were necessary, it cannot be necessary if the chattel itself is seized and taken as it was here, such seizure includes the interest of the mortgagor, though that be less than the absolute ownership ; and as the mortgagee confessedly had no right to the possession of the piano when the levy was made under the attachment, for the reason that Jones then held it under a lease given by the mortgagor prior to the mortgage, and which had not then expired, the mortgagee can not complain that the piano itself was seized and taken into the possession of the defendant. He certainly cannot maintain trespass or trover for that seizure, whether the defendant can justify under the attachment or not. (*Gordon* agt. *Harper*, 7 *Kern. R.*, 9 ; *Goulet* agt. *Asseler*, 22 *N. Y. R.*, 225.) And it is, in any view of the case, only the subsequent sale that the plaintiff can allege as a conversion of the property ; for he never made any demand of it from the defendant, either before the sale or after. It comes to the point, then, was the sale, as against the plaintiff, a conversion of the property ? If the mortgagor's equity of redemption was levied upon by the attachment, as I think it was, the defendant had a right to sell that interest under

People *ex rel* Delvechio agt. Supervisors of Kings.

the execution, and this is what he did sell; that is, he in terms sold the mortgagor's " right, title and interest in the piano." If his levy on the mortgagor's interest, however, was a good one, it does not matter whether he sold specially that interest or sold the chattel generally, as the effect would in either case be the same. (*Hull* agt. *Canby*, 1 *Kern.*, 501, 506, 507.) The purchaser would take only the mortgagor's interest in the property. If, however, the sheriff was not authorized, by virtue of the levy of the attachment, to sell, by reason of the levy not having been properly made, still, was the sale of the " right, title and interest" of the mortgagor in the piano, he having still a right of redemption, such a conversion of the plaintiff's property as to entitle him to maintain this action ? It seems to me not. We are to bear in mind that the defendant was in possession, and under such circumstances that the plaintiff could not complain until after a demand of the property by him—so the only act now under consideration is the sale of the mortgagor's interest. Such sale asserts no claim to the mortgagee's interest, and cannot be deemed a conversion of his property. But whether this view of the question is correct or not, the law of the case has been settled by the decision made when the case was up before, and the judgment must again be reversed, and a new trial granted, costs to abide the event.

CAMPBELL, J., concurs. BALCOM, J., dissents.